UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| PENNYMAC LOAN SERVICES, LLC, | ) | |
| | ) | |
| *Plaintiff*, | ) | 4:25-cv-3 |
| | ) | |
| v. | ) | Judge Curtis L. Collier |
| | ) | Magistrate Judge Mike J. Dumitru |
| JAMES LEMONS, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM & ORDER

Before the Court is a motion by Plaintiff, PennyMac Loan Services, LLC, to set aside the Court's order of dismissal (Doc. 10) pursuant to Federal Rule of Civil Procedure 60(b). (Doc. 11.) Defendants have not responded, as they have not appeared in this matter due to lack of service.

### I. BACKGROUND

Plaintiff filed a complaint against Defendants on February 2, 2025. (Doc. 1.) On July 18, 2025, this Court issued a Show Cause Order noting that more than ninety days had passed since the filing of the complaint and there was no record that process had been served upon any Defendant or that any Defendant had waived service of process. (Doc. 9.) The Court gave Plaintiff seven days to show cause why its complaint should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (*Id.*) Because Plaintiff failed to show cause within twenty days, this Court dismissed this action without prejudice pursuant to Rule 4(m). (Doc. 10.) Plaintiff now moves to set aside the order of dismissal (Doc. 10) pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. (Doc. 11.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for six enumerated reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Moreland v. Robinson*, 813 F.3d 315, 327 (6th Cir. 2016) (citing *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008)).

The party seeking relief under Rule 60(b) bears the burden of establishing that all prerequisites have been satisfied, *McCurry ex rel. v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002), and "bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info–Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). "It is well-settled in this Circuit that such a motion is addressed to the sound discretion of the trial court." *Simmons v. Towing*, No. 19-11726, 2022 WL 214081, at *2 (E.D. Mich. Jan. 24, 2022) (quoting *Jacobs v. DeShetler*, 465 F.2d 840, 843 (6th Cir. 1972)).

## III. DISCUSSION

Plaintiff moves to set aside the order dismissing this case for failure to prosecute under Rule 60(b) of the Federal Rules of Civil Procedure. (Doc. 11.) Rather than citing one of the enumerated reasons that justify relief under Rule 60(b), Plaintiff contends the "extraordinary circumstances" in the case warrant relief under Rule 60(b)(6), the "catchall provision." (*Id.* ¶ 4.)

"Rule 60(b)(6) is applicable 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.'" *Harness v. Taft*, 801 F. App'x 374, 378 (6th Cir. 2020) (quoting *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 383 (6th Cir. 1991)). "The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Henness v. Bagley*, 766 F.3d 550, 554 (6th Cir. 2014) (quoting *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013)). "The text and structure of Rule 60(b) make clear that this catchall provision is available only in narrow circumstances." *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1615 (2025). The provision is limited to "unusual and extreme situations where principles of equity mandate relief." *Jones v. Bradshaw*, 46 F.4th 459, 482 (6th Cir. 2022).

Here, Plaintiff argues the case should be reopened due to the "extraordinary circumstances" which prevented service of process. (Doc. 11 ¶ 1.) Plaintiff represents that shortly after filing the complaint, on or about March 24, 2025, it entered into a forbearance agreement with Defendant James Lemons regarding the mortgage loan at issue. (*Id.* ¶ 5.) Plaintiff states that it did not attempt to serve Defendants during the forbearance period of March 24, 2025, through July 3, 2025, "in

3

good faith, in an effort to ensure that the defendants were provided all rights given to them under the forbearance agreement." (*Id*. ¶ 6.) Plaintiff suggests setting aside the judgment order will not unduly prejudice Defendants because the case was dismissed at an early stage. (*Id*. ¶ 7.)

The Court recognizes Plaintiff's desire to comply with the forbearance agreement. However, even if the terms of the forbearance agreement were "extraordinary circumstances" that justified Plaintiff's failure to serve Defendants initially, the forbearance period ended on July 3, 2025. (*See id*. ¶ 5.) Plaintiff fails to provide an explanation as to why it did not serve or attempt to serve Defendants within the month after, from July 3, 2025, until August 7, 2025, the date the Court dismissed this action for failure to prosecute. *See, e.g.*, *In re Simpkins*, No. 3:24-MC-14, 2025 WL 2044182, at *3 (M.D. Tenn. July 21, 2025) (denying a Rule 60(b)(6) motion where the plaintiffs did not explain why they failed to effectuate service on the defendants).

Further, even if Plaintiff was waiting to serve Defendants until after the forbearance period, Plaintiff does not provide an explanation for why it did not respond to the Court's August 7, 2025, Show Cause Order to explain such intent. All court orders must be complied with promptly, and "it is generally unacceptable for a party to a federal lawsuit to fail to stay abreast of the happenings in the case." *Simmons v. ESA Mgmt., LLC*, No. 16-cv-2774, 2017 WL 2989199, at *1 (W.D. Tenn. Feb. 23, 2017) (weighing a party's failure to stay updated in the case when addressing a Rule 60(b) motion). For these reasons, the Court does not find Plaintiff has met its heavy burden of establishing that extraordinary circumstances exist to warrant reopening the case.[1] *See Harness*, 801 F. App'x at 378. Therefore, Plaintiff is not entitled to relief under Rule 60(b).

---

[1] Although Plaintiff only relies on Rule 60(b)(6) to justify setting aside the dismissal order, it does suggest "the dismissal in this case was the result of excusable neglect and not due to any willful disregard of Court orders." (Doc. 11 ¶ 1.) Because Plaintiff does not provide facts to support this claim, it has not established excusable neglect to justify setting aside the judgment under Rule 60(b)(1).

4

## IV. CONCLUSION

Accordingly, Plaintiff's motion (Doc. 11) is **DENIED**. This case remains closed without prejudice to refiling later.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**